UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BRIAN HARNESS** d/b/a Brian Harness Photography,<br><br>Plaintiff<br><br>v.<br><br>**GOFF HOLDING COMPANIES, LLC,** a/k/a GOFF COMPANIES, LLC<br><br>Defendant. | CA No. _____<br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, Brian Harness d/b/a Brian Harness Photography ("Harness" or "Plaintiff"), for his complaint against Defendant, Goff Holding Companies, LLC a/k/a Goff Companies, LLC ("Goff" or "Defendant"), alleges:

### JURISDICTION/VENUE

2. Harness' claims arise under the copyright laws of the United States, 17 U.S.C. 101 et. seq., (hereinafter the Copyright Act.), and 17 U. S.C. § 1202 et seq. of the Digital Millennium Copyright Act ("DMCA").

3. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U. S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

4. Plaintiff is an individual citizen of Texas, who resides in Fort Worth, Texas.

5. Defendant is a limited liability company in the business of commercial construction, including the construction of churches. Its principal place of business is in Dallas, Texas.

## FACTS

6. Harness is the author and sole owner of all right, title and interest in and to the copyrights in certain photographs (the "Photographs") as follows:

   a. "Brian Harness Photography Collection 2005 Vol. IV," registered under U.S. Copyright Reg. VAu683-573, shown in the attached Exhibit 1, with four photographs deposited with said registration shown in the attached Exhibit 1A;

   b. "Brian Harness Photography Collection 2005 Vol. II," registered under U.S. Copyright Reg. VAu672-978, shown in the attached Exhibit 2, with four photographs deposited with said registration shown in the attached Exhibit 2A;

   c. "Brian Harness Photographs 2004 Vol. IV," registered under U.S. Copyright Reg. VAu654-030, shown in the attached Exhibit 3, with three photographs deposited with said registration shown in the attached Exhibit 3A.

7. Harness's copyrights in the above-described works are valid and subsisting, and have been valid and subsisting from the moment of their creation in the respective years indicated above. Harness has complied in all respects with Title 17 of the United States Code and all other United States laws governing copyrights, and has secured the registration and exclusive rights and privileges thereunder in and to the copyrights to the above-described photographs. All conditions precedent to the filing of this suit have occurred.

8. Defendant is presently using, and has been using for a length of time to be determined,

each of the Photographs on its website at www.goffcompanies.com without license or authorization from Harness, as shown in the attached Exhibits 4-6.

9. In addition, in making and distributing unauthorized copies of the Photographs, Defendant has intentionally removed and/or omitted Harness' copyright management information from the copies of the Photographs without the authority of Harness.

10. Defendant distributed copies of the Photographs knowing that the associated copyright management information had been removed or omitted and Defendant knew or had reasonable grounds to know that such removal or omission would induce, enable, facilitate, and/or conceal the infringement of Plaintiffs' copyrights.

## CAUSES OF ACTION

11. Plaintiff re-alleges and incorporates, as if set forth herein, paragraphs 1 through 10 above.

12. Defendant has infringed (either willfully or non-willfully) Plaintiff's copyrights in and to the Photographs by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of the Photographs within the United States in violation of the Plaintiff's rights under Title 17.

13. Defendant has violated the DMCA, 17 U.S.C. § 1202, by removing Harness' copyright management information and distributing the Photographs without such information.

## CAUSATION/DAMAGES

14. As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Harness has sustained actual damages in an amount not yet ascertained, including without limitation lost profits and/or lost licensing revenue, loss of good will, research time tracking down and documenting the infringements and attorney time to institute this action.

## RELIEF REQUESTED

15. Harness demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the Photographs, as well as their gross profits and income derived therefrom.

16. Harness is entitled and seeks to recover actual damages plus the profits of Defendants attributable to the infringements of copyright.

17. Alternatively, because the Photographs were registered in the U.S. Copyright Office prior to Defendants' infringements, pursuant to 17 U.S.C. § 505, Harness is entitled and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars) for each work infringed.

18. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for each act committed in violation of 17 U.S.C. § 1202.

19. Plaintiff is entitled and seeks to recover his reasonable attorneys fees and costs pursuant to 17 U.S.C. § 505 and 1203(b)(5).

## HARNESS DEMANDS JUDGMENT:

20. That Defendants, their agents, employees and/or servants be enjoined preliminarily and permanently from infringing Harness' copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images;

21. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Harness' copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images,

and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

22. That Defendants be required, jointly and severally, to pay over to Harness his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Harness' actual damages incurred as a result of Defendants' copyright infringements and violations described herein, or, alternatively, the statutory damages to which Harness is entitled under 17 U.S.C. § 505 and 17 U.S.C. § 1203(c)(3);

23. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement and violations described herein;

24. That Defendants jointly and severally be ordered to pay to Harness his costs and attorney's fees; and

25. That Harness have such other and further relief as this court shall deem just and proper.

**Plaintiff demands a jury trial in this cause of action.**

Respectfully submitted,

By: */s/ David G. Henry*
**Gray, Reed & McGraw, P.C.**
David G. Henry, Sr.
State Bar No. 09479355
Russell E. Jumper
State Bar No. 24050168

1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (469) 320-6056
Facsimile: (469) 320-6852
E-Mail: dhenry@lrmlaw.com